KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring.
I write separately because I believe that the United States Department of Health and Human Services (HHS) violated the Administrative 'Procedure Act, 5 U.S.C. § 706(2)(A), in two ways rather than one: in denying the physicians medical malpractice liability coverage under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, I believe the HHS acted arbitrarily and capriciously and contrary to law. In my view,' the HHS erred in concluding that the physicians do not qualify as “contractor[s]” under the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), 42 U.S.C. § 233(g)(1)(A), merely because they contracted with the Él Rio Santa Cruz Neighborhood Health Center through their respective eponymous — and solely-owned — professional corporations, Joint Appendix (J.A.) 19. See El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. HHS, 300 F.Supp.2d 32 (D.D.C. 2004) (mem.) (finding physicians’ “solely-owned eponymous corporations functioned as mere alter egos”), reprinted in J.A. 332. The FSHCAA extends FTCA coverage to “any contractor” of a federally-funded community health center “who is a physician.”[1] 42 U.S.C. § 233(g)(1)(A). While the contractor must be an “individual” to receive coverage, id. § 233(g)(5)(A)-(B); see Dedrick v. Youngblood, 200 F.3d 744, 746 (11th Cir.2000) (“[S]trict interpretation requires that a contractor be an ‘individual’ who contracts with an eligible entity.”), nowhere does the FSHCAA elevate contractual form above substance. Cf. 42 U.S.C. § 233(g). Of course, statutes that expand government liability — like the FSHCAA — must be construed strictly, see Dep’t of the Army v. Blue Fox, Inc., 525 *1279 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999), but, as in Shakespeare’s play,[2] a physician who signs his name to a professional services contract followed by “P.C.” — manifesting his business name — is no less an individual under the FSHCAA than one who signs his name followed simply by “M.D.” See Alexander v. Mt. Sinai Hosp. Med. Ctr. of Chicago, 165 F.Supp.2d 768, 772 (N.D.Ill.2001) (holding physician who performed services at federally-funded health center “under a contract he himself signed on behalf of an eponymous professional corporation he founded and of which he is the sole shareholder and employee” qualified as “contractor” under FSHCAA) (emphasis in original); cf. Dedrick, 200 F.3d at 747 n. 4 (holding physician employed by entity that contracted with federally-funded health center did not qualify as “contractor” under FSHCAA, but declining to address “whether an individual doctor who contracts with an eligible entity through his professional corporation would be protected.”).

. To qualify as a contractor, moreover, the "individual'' must either "normally performf] on average at least 32}4 hours of service per week for the entity for the period of the contract” or, "in the case of an individual who normally performs an average of less than 32i4 hours of services per week for the entity for the period of the contract,” must be "a licensed or certified provider of services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics and gynecology.” 42 U.S.C. § 233(g)(5)(A)-(B).

. William Shakespeare, Romeo And Juliet, act 2, sc. 2 (“What’s in a name? That which we call a rose/ By any other word would smell as sweet”).